JOHN KALOGERAKAS, PLAINTIFF, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT AND JOHN ANDREWS, DEFENDANTS.

Submitted October term, 1929—Decided May 27, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the rule, *Henry H. Fryling* (*Harold F. Dorgeval,* on the brief).

*Contra, Aaron L. Simon.*

PER CURIAM.

Plaintiff recovered a verdict of $4,000 for personal injuries received by him in being struck by defendant's bus in his efforts to stop and board the bus at the intersection of two streets in Clifton. Defendant Public Service Co-ordinated Transport took out a rule to show cause why plaintiff's verdict should not be set aside and argues four points which will be discussed in their order.

Defendant's first point is that the verdict is against the clear weight of the evidence on the issue of negligence on the part of the defendant, as well as on the issue of con-

tributory negligence on the part of plaintiff, and the trial judge erred in refusing motion for nonsuit and for direction of verdict in favor of the defendant.

There is evidence from which the jury could have found that the plaintiff, while at the corner of the two streets, looked and saw the bus "far away;" that he started to cross the street and walked about five steps when he looked and saw the bus then at a distance of one hundred feet; that there the plaintiff signaled the bus to stop and, having thus observed and signaled the bus, the plaintiff proceeded to cross the street to the far side in order to board the bus; that there was traffic other than the bus against which the plaintiff was obliged to watch; that the plaintiff had seen the bus stop at the last preceding crossing but that the bus, without giving any warning signal, entered upon the crosswalk where plaintiff was at a speed from forty to forty-five miles per hour, and having struck the plaintiff at the crosswalk, proceeded a further distance of one hundred to one hundred and twenty feet before coming on to a stop. It appears to us that, if the jury thus found the facts, it could reasonably infer therefrom that the bus driver was negligent, that his negligence was the proximate cause of the accident, and that no negligence of the plaintiff contributed thereto.

A motion for a nonsuit admits the truth of the plaintiff's evidence and of every inference of fact that can be legitimately drawn therefrom; where the evidence, and the inference reasonably arising therefrom, will support a verdict for the plaintiff, a motion for a nonsuit must be denied. *Weston Co. v. Benecke, 82 N. J. L.* 445.

If two inferences may reasonably be deduced from the evidence, one favorable to the plaintiff and one against him, a jury question is presented and a refusal to nonsuit is proper; upon a request for a direction of a verdict in favor of the defendant, the proof must be so clear that no other reasonable conclusion can be legitimately reached before such a peremptory instruction can be given. *Consolidated Traction Co. v. Reeves, 58 N. J. L.* 573.

To justify a court in setting aside a verdict on the ground that it is against the weight of the evidence, it must so clearly appear as to give rise to the inference that it is the result of mistake, passion, prejudice or partiality. *Floersch* v. *Donnell*, 82 *N. J. L.* 357.

The defendant's second point is that the trial judge erroneously charged the jury on the subject of damages as to the loss of wages sustained by the plaintiff.

The insistment is that the court said that the plaintiff lost twelve weeks' time when the correct calculation was nine weeks and two days. But the court instructed the jury to disregard any misstatement of fact that the court might make. The only harm that might have followed to defendant was an over-calculation of wages for two and a fraction weeks. The question in terms of dollars and cents is trifling and is cared for by our disposal of the case.

The third point directs the attention of the court to various other alleged errors in the court's charge. Our eaxmination discloses no harmful error therein.

The fourth and last point is that the damages are excessive. We think they are.

Our conclusion is that $2,500 is the limit of damages justified by the evidence. If the plaintiff will remit the excess over that amount, the rule will be discharged; otherwise the verdict will be set aside in respect of damages and shall stand good in other respects.